FILED
SUPERIOR COURT
OF GUAM

2018 JAN -2 AM 9: 42

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT
## OF GUAM

PEOPLE OF GUAM,

     Plaintiff,

  vs.

ALBERT SANTOS
JEREMIAH ISEZAKI
PETER GINES,

     Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)

Criminal Case No. CF0330-17

**DECISION & ORDER**

### INTRODUCTION

This matter is before the Honorable Michael J. Bordallo on Defendant Albert Santos's Motion for Reconsideration. Defendant Albert Santos is represented by Attorney William Pole. Defendant Jeremiah Isezaki is represented by Attorney F. Randall Cunliffe. Defendant Peter Gines is represented by Attorney Samuel Teker. The People of Guam are represented by Assistant Attorney General Jeremy Kemper. Having reviewed and considered the moving papers, arguments, record and applicable law, the Court issues the following Decision and Order denying Defendant Santos's motion.

### BACKGROUND

This matter arises out of a Magistrate Complaint filed by the People on June 9, 2017, followed by an Indictment on June 16, 2016. The People filed a Superseding Indictment on August 8, 2017. Defendant Santos filed a Motion to Suppress on September 15, 2017. The Court issued a Decision and Order denying the motion on October 24, 2017. Defendant Santos

filed the present Motion for Reconsideration on October 27, 2017. Defendant Gines joined Defendant Santos's motion on November 3, 2017. The People filed an Opposition in responseto the motion on November 13, 2017, and Defendant Santos filed a Reply on November 13, 2017.

## ISSUE

1. Whether the Court will reconsider its October 24, 2017 Decision and Order denying Defendant Santos's request to compel the Prosecution to produce internal affairs documents of the Department of Corrections.

## FACTS

1. On March 29, 2017, while in custody at the Department of Corrections, Victim Justin Meno (the "Victim") suffered injuries in an attack. Consequently, the Victim received treatment at the Guam Memorial Hostpital ("Hospital") and was transferred to the Barrigada Heights skilled nursing unit ("SNU").

2. The grand jury indicted Defendants Albert Santos II, Jeremiah Isezaki, and Peter Gines on numerous charges, including Attempted Murder and Aggravated Assault.

3. On July 25, 2017, an unidentified male inmate made a report to a Criminal Investigator detailing an account of the events he heard from another inmate.

4. The Victim passed away on September 11, 2017.

## PRINCIPLES OF LAW

**<u>Motion for Reconsideration</u>**

Guam law allows a party to move the Court to reconsider a prior decision. However, the scope of such motion is limited:

> Motion for Reconsideration. A motion may be renewed only on the grounds of
> (1) A material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have bene known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Local R. of Sup. Ct. of Guam CR 1.1(d). Additionally, motions for reconsideration are not to be used to "allow a party to advance arguments that could and should have been presented to the court prior to judgment." U.S. v. Martinez-Hernandez, 818 F.3d 39, 48 (1st Cir. 2016). Further, a motion for reconsideration is not an opportunity to reargue facts and theories upon which the court has already ruled. U.S. v. Hassanashahi, 145 F.Supp.3d 75, 80-81 (D. D.C. 2015).

### *Brady* and the Prosecution's Duty to Locate and Produce Information

Guam law assigns the prosecution the affirmative duty to disclose to Defendant's counsel "any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment thereof." 8 G.C.A. § 70. 10(a)(7); see also Guam v. Kitano, 2011 Guam 11 ¶ 19. This duty "is applicable even though there has been no request by the accused, and... encompasses impeachment evidence as well as exculpatory evidence." Browning v. Baker, 875 F.3d 444, 459 (9th Cir. 2017) (quoting Strickler v. Greene, 527 U.S. 263, 280 (1999). Further, "[f]or claims under Brady, the prosecutor's knowledge does not define the limits of constitutional liability. Brady imposes a duty on prosecutors to learn of material exculpatory and impeachment evidence in the possession of state agents, such as police officers." Id. (citing Youngblood v. West Virginia, 547 U.S. 867, 869-70 (2006).

The prosecutor's responsibility to learn of favorable evidence extends to "others acting on the government's behalf in the case," and the prosecutor is "presumed to have knowledge of all information gathered in connection with his office's investigation of the case." U.S. v. Meregildo, 920 F.Supp.2d 434, 440 (S.D.N.Y. 2013). The constructive knowledge of the

prosecutor, however, is limited. "It does not encompass every agency and individual within the [government]." Id; see also U.S. v. Avellino, 136 F.3d 249, 255 (2d Cir. 1998) ("[K]nowledge on the part of persons employed by a different office of the government does not in all instances warrant the imputation of knowledge to the prosecutor"); see also U.S. v. Morell, 524 F.2d 550, 555 (2d Cir. 1975) (explaining that imputation is only proper when an agency can be considered "an arm of the prosecutor").

## ANALYSIS

Defendant Santos moves this Court to reconsider its October 24, 2017 Decision and Order denying his request to compel the Government to produce internal affairs documents concerning Department of Corrections Officers who may testify at trial. As an initial matter, the Court finds that Defendant's present motion reargues a legal theory he previously asserted. Defendant Santos contended that the prosecution's Brady obligations extended to material that the prosecutor knows to exist or by the exercise of due diligence may become known to him, and that the scope of this obligation encompassed information known to other acting on the government's behalf. Mot. Discovery at 4 (Sept. 15, 2017). Under the Local Rules of the Superior Court of Guam, a motion to reconsider is not proper if it repeats an argument previously made and subsequently considered. However, the Court will address the merits of Defendant Santos's motion.

Defendant Santos argues that the Department of Corrections and its officers are "integral to the current Prosecution." Mot. at 2 (Nov. 15, 2017). The Court disagrees. The Court finds that the material covered by the prosecution's Brady obligations include information known by government agencies working with the prosecution. It does not, however, include information known by all government agencies. In this matter, the Court

finds that the Department of Corrections is not an "arm of the prosecution." While the facts of the case concern an incident that occurred at the Department of Corrections, the Guam Police Department and the Office of the Attorney General conducted the investigation. The Court would make the same determination if the incident occurred at another government agency. For example, if the prosecution were pursuing a criminal matter that took place at the Department of Public Works, the Guam Police Department and the Office of the Attorney General would investigate the matter. Any information known by the Department of Public Works would not be encompassed by the prosecution's Brady obligations because the Department of Public Works would not be considered an "arm of the prosecution." Therefore, the Court finds that the prosecution does not have an obligation to locate and produce the internal affairs documents under the control of the Department of Corrections. Defendant Santos, however, has the legal means to attempt to obtain such information by subpoena.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court DENIES Defendant Albert Santos's Motion for Reconsideration.

SO ORDERED, this _____ day of _____ 2018.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of
1) William Pole
2) AG's
Date:_____ Time:_____
Deputy Clerk, Superior Court of Guam

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

Page 5 of 5